**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WILLIAM J. PERRY, JR.,
Plaintiff-Appellant,

v.

No. 98-1722

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert J. Staker, Senior District Judge.
(CA-97-249-3)

Submitted: November 24, 1998

Decided: December 31, 1998

Before MURNAGHAN, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Leonard Stayton, Inez, Kentucky, for Appellant. James A. Winn,
Chief Counsel, Region III, Joyce M.J. Gordon, Assistant Regional
Counsel, Office of General Counsel, SOCIAL SECURITY ADMIN-
ISTRATION, Philadelphia, Pennsylvania; Rebecca A. Betts, United
States Attorney, Ray M. Shephard, Assistant United States Attorney,
Huntington, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

William J. Perry appeals from the district court's order granting the Commissioner of Social Security's (Commissioner) motion for summary judgment and affirming the denial of social security disability insurance benefits. On appeal, Perry asserts that the administrative law judge (ALJ) did not follow the sequential analysis in 20 C.F.R. § 416.920 (1998),* and erred in finding that he was not disabled because the ALJ's conclusion that Perry did not satisfy the requirements in 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05(C) (1998), was not supported by substantial evidence. Finding no error, we affirm.

After a thorough review of the joint appendix and administrative record, we find that the ALJ followed the proper sequential analysis. As for the assertion that the ALJ erred in finding that Perry was not disabled, we review the denial of social security benefits to determine whether the ALJ has applied the correct legal standards and whether the findings are supported by substantial evidence. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is defined as "`such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Although substantial evidence is greater than a mere scintilla, it may be less than a preponderance. See Hays, 907 F.2d at 1456. We have reviewed Perry's assertions and allegations of error under this standard and conclude that the district court's entry of judgment in favor of the Commissioner was proper.

Accordingly, we affirm. We dispense with oral argument because

_____

*Section 416.920 applies to applications for supplemental security income. The sequential analysis applicable to Perry's request for disability income benefits is governed by 20 C.F.R. § 404.1520 (1998).

2

the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED